UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JAMES KILGORE, | ) |
| Plaintiff, | ) Civil Action No. 5: 14-292-DCR |
| V. | ) |
| LADONNA THOMPSON, et al., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff James R. Kilgore is an inmate confined at the Blackburn Correctional Complex in Lexington, Kentucky. Proceeding without an attorney, Kilgore has filed an amended complaint as previously directed by the Court. [Record No. 5; *see also* Record No. 4] Kilgore asserts a number of disparate claims through his amended complaint. He alleges numerous medically-related claims stemming from supposed inadequate medical care. Specifically, he contends that the defendants: (i) have not surgically removed cancer in his kidneys; (ii) have not adequately treated his multiple sclerosis; (iii) are requiring him to walk up and down stairs notwithstanding spells of vertigo; and (iv) have given him medicines that are harmful due to his heart problems. [Record No. 5, pp. 2, 5] Kilgore also alleges that the jail does provide a nutritional diet or sufficient calories, failing to provide minimal subsistence, and that the food service area is not clean. [Record No. 5, p. 3]

Additionally, Kilgore contends that the prison is incorrectly administering his sentence. He asserts that KRS § 439.344, which provides an exceptions for "street time" credits under Kentucky law when a prisoner's parole is revoked, is unconstitutional. He maintains that the

defendants' failure to release him from custody following the natural expiration of his original sentence violates his rights. [Record No. 5, pp. 3, 4, 5]

The Court conducts a preliminary review of Kilgore's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Kilgore's claims under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Kilgore's allegations regarding his medical care and the food service provided at the prison, while vague and inartfully pled, are sufficient to warrant a response from the defendants. However, his claims regarding the execution of his sentence will be dismissed, without prejudice, as improperly raised in this action. *Cf. Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (holding that a prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."). The Court also notes that, before Kilgore may seek habeas relief regarding the manner in which state officials are carrying out his

sentence, he must utilize and exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1).

Finally, because the Court has granted Kilgore pauper status, the Lexington Clerk's Office and the United States Marshals Service ("USMS") will serve the summonses and Complaint on his behalf. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff James Kilgore's claims challenging the execution of his sentence are **DISMISSED**, without prejudice. Defendants Ladonna Thompson, Susan Wilhoit-Oliver, "Mrs. D," Robert Belen, Eddie Montgomery, and the Kentucky Department of Corrections are **DISMISSED** as parties to this proceeding.

2. A Deputy Clerk in the Lexington Clerk's Office shall prepare a "Service Packet" for Defendants Capt. Lawrence Betts, Lt. Joel Helmburg, Sandy Coyler of Aramark Food Service, L.P.N. Paula Auxier, and Correct Care Solutions. Each Service Packet shall include:

    A.    a completed summons form;

    B.    the amended complaint [Record No. 5];

    C.    the Order granting Plaintiff *in forma pauperis* status [Record No. 8];

    D.    this Order; and

    E.    a completed USM Form 285.

The Lexington Deputy Clerk shall send the Service Packets to the USMS in Lexington, Kentucky, and enter the delivery date into the record.

3. The USMS shall personally serve a Service Packet upon each of the defendants at the address provided by the plaintiff, the Blackburn Correctional Complex, 3111 Spurr Road, Lexington, Kentucky, 40511.

4. Kilgore must immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so will result in dismissal of this case**.

5. If plaintiff wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion he files must include a written certification that he has mailed a copy of it to the defendants or their counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

This 11th day of August, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge