UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JAMES KILGORE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-292-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LADONNA THOMPSON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of Plaintiff James Kilgore's *pro se* motion for an injunction. [Record No. 17] Kilgore is currently confined in the Blackburn Correctional Complex, located in Lexington, Kentucky. Consistent with local practice, Kilgore's motion was presented to a United States Magistrate Judge for initial review in accordance with 28 U.S.C. § 636(b)(1)(B). On December 5, 2014, United States Magistrate Judge Robert E. Wier issued his report, recommending that the motion be denied. Neither Kilgore nor the defendants have filed objections to the Magistrate Judge's Recommended Disposition.

While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and

-1-

recommendation waives the right to appeal.  *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986).  Here, although Kilgore has not filed timely objections to the Magistrate Judge's Recommended Disposition, the Court has examined the record *de novo* and agrees with the Magistrate Judge's conclusions.

Kilgore's motion alleges retaliation against him for filing the present action.  [Record No. 17]  Although the plaintiff complains of the defendants' past conduct towards him (ranging from disciplinary actions[1] to physical threats), his request for a preliminary injunction does not specify the nature of the relief he seeks.  Further, Kilgore has failed to establish that he is entitled to an injunction of any kind at this stage in the proceedings.

The Magistrate Judge correctly sets forth the four-part test for a plaintiff seeking a preliminary injunction.  [Record No. 31, p. 2]  To enjoin a defendant, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008).  The Sixth Circuit has cautioned that a "preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."  *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

---

[1] The undersigned echoes Magistrate Judge Wier's doubts regarding the plaintiff's assertions of disciplinary retaliation where the disciplinary write-up appears to have occurred *before* Kilgore signed his Complaint on June 23, 2014.  *Compare* Record No. 17-1 *with* Record No. 1.

Here, the plaintiff has not addressed any of these factors in his motion. For the reasons discussed in the Magistrate Judge's Recommended Disposition, Kilgore has not met his high burden. Accordingly, it is hereby

**ORDERED** as follows:

1. United States Magistrate Judge Wier's Recommended Disposition [Record No. 31] is **ADOPTED** and **INCORPORATED** by reference.

2. Kilgore's motion for an injunction [Record No. 17] is **DENIED**.

This 23rd day of December, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge