UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JAMES KILGORE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-292-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LADONNA THOMPSON, et. al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of a motion for summary judgment filed by Defendant Lawrence Betts ("Betts"), Defendant Joel Helmburg ("Helmburg"), and Defendant Dale Martin ("Martin") [Record No. 45] and a separate motion for summary judgment filed by Defendant Sandy Colyer ("Colyer") [Record No. 43]. The motions were referred to United States Magistrate Judge Robert E. Wier for evaluation. On October 13, 2015, Magistrate Judge Wier issued his report, recommending that both motions be granted in all respects. [Record No. 47] Magistrate Judge Wier's Recommended Disposition gave Kilgore fourteen days to file objections, but he has failed to file any objections.

This Court reviews *de novo* those portions of the magistrate judge's recommendations to which an objection is made. 28 U.S.C. § 636(b)(1)(c). However, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Further, failure to file

- 1 -

objections to a magistrate judge's proposed findings of fact and recommendations constitutes waiver of the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Although Kilgore has not filed any objections, the Court has examined the record *de novo* and agrees with the magistrate judge's Recommended Disposition.

Kilgore alleges that the staff at Blackburn Correctional Complex ("BCC") violated his Eighth and Fourteenth Amendment rights while he was incarcerated there by depriving him of adequate medical care and appropriate nutrition. [Record Nos. 1-1 and 5] According to Kilgore, Betts is the captain of security at BCC, and Helmburg is a lieutenant in charge of security. [Record No. 1-1] Martin is the Deputy Warden at BCC. [Record No. 18] With their motion for summary judgment, Betts, Helmburg, and Martin each submitted affidavits in which they aver that they are not involved in providing healthcare or nutrition to the inmates at BCC. [Record Nos. 45-2 to 45-4]

Colyer is the food services director at BCC. [Record No. 43-2] In the affidavit she submitted to the Court with her motion for summary judgment, she states that all inmates, including Kilgore, receive nutritional meals and sufficient portions prepared in sanitary conditions. *Id.* She also provided a copy of menus from the Kentucky Department of Corrections used at BCC. *Id.*

Kilgore's deliberate indifference claim requires that he offer some proof that the prison officials subjected him to serious deprivations and, in so doing, "acted wantonly, with deliberate indifference to [his] serious needs." *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011). Additionally, a supervisor is not liable under 42 U.S.C. § 1983 simply

- 2 -

because he or she was aware of his employee's misconduct. *Leary v. Daeschner*, 349 F.3d 888, 902 (6th Cir. 2003). Rather, a § 1983 claimant must prove that the supervisor either directly participated in the misconduct or encouraged it. *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995). As Magistrate Judge Wier observed, Kilgore failed to present sufficient evidence that Betts, Helmberg, or Martin, participated or encouraged in any of the alleged misconduct. Their affidavits indicate that they were not at all involved in providing for inmate nutritional or healthcare needs.

The Court also agrees with the magistrate judge's conclusion that Kilgore's complaints about the food at BCC do not meet the "serious deprivation" requirement. According to the United States Court of Appeals for the Sixth Circuit, even if a petitioner proves that his prison food occasionally contains foreign objects, that alone does not amount to a constitutional deprivation. *Smith v. Younger*, 187 F.3d 638, at *2 (6th Cir. 1999) (table).

Magistrate Judge Wier properly concluded that Betts, Helmburg, Martin, and Colyer met their burdens under Rule 56(a) of the Federal Rules of Civil Procedure by showing that no genuine issues of material fact exists upon which Kilgore could succeed at trial. [Record No. 47] Kilgore did not respond to either motion for summary judgment and, therefore ,presented no evidence to contradict the information supplied by the defendants. Because Kilgore failed to meet his burden to produce specific facts demonstrating a genuine issue of material fact, the defendants' motions for summary judgment will be granted.

For the foregoing reasons, it is hereby

**ORDERED** as follows:

- 3 -

1.      United States Magistrate Judge Wier's Recommended Disposition [Record No. 47] is **ADOPTED** and **INCORPORATED** herein by reference.

2.      Defendant Lawrence Betts', Defendant Joel Helmburg's, and Defendant Dale Martin's motion for summary judgment [Record No. 45] and Defendant Sandy Colyer's motion for summary judgment [Record No. 43] are **GRANTED**.

3.      All claims asserted in this action by Plaintiff James Kilgore against Defendant Lawrence Betts, Defendant Joel Helmburg, Defendant Dale Martin, and Defendant Sandy Colyer are **DISMISSED** with prejudice.

This 2nd day of November, 2015.

Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**

- 4 -